# United States District Court
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **ALEXSAM, INC.** <br> **v.** | |
| **BEST BUY STORES LP** | **Cause No. 2:13-cv-2** |
| **BARNES & NOBLE, INC. AND BARNES & NOBLE MARKETING SERVICES, LLC** | **Cause No. 2:13-cv-3** |
| **THE GAP INC. AND DIRECT CONSUMER SERVICES, LLC** | **Cause No. 2:13-cv-4** |
| **J.C. PENNEY COMPANY, INC. AND J.C. PENNEY CORPORATION** | **Cause No. 2:13-cv-5** |
| **MCDONALD'S CORPORATION AND P2W, INC. NFP** | **Cause No. 2:13-cv-6** |
| **TOYS "R" US—DELAWARE, INC. AND TRU-SVC, LLC** | **Cause No. 2:13-cv-7** |
| **THE HOME DEPOT, U.S.A., INC. AND HOME DEPOT INCENTIVES, INC.** | **Cause No. 2:13-cv-8** |

### ORDER SETTING INEQUITABLE CONDUCT BENCH TRIAL

Before the Court are Plaintiff's motions for partial summary judgment to dismiss Defendants' inequitable conduct defense and related *Daubert* motions. Because inequitable conduct is an equitable remedy, Defendants are not entitled to a jury trial on this claim. *See Am. Calcar, Inc. v. Am. Honda Motor Co., Inc.*, 651 F.3d 1318, 1333 (Fed. Cir. 2011) (explaining that "[i]nequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent").

Pursuant to Federal Rule of Civil Procedure 21, "[t]he court may . . . sever any claim against a party." *See Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (finding that "[t]he trial court has broad discretion to sever issues to be tried before it"). Here,

inequitable conduct is a claim distinct from Defendants' other invalidity defenses. Generally, the evidence and law related to this claim is not common to any other invalidity issue. Furthermore, judicial economy would best be served by addressing this claim after the jury renders its verdict on invalidity. Moreover, severance of this claim creates no prejudice to any of the parties. In exercising its broad discretion, the Court finds severance of Defendants' inequitable conduct claim appropriate.

Accordingly, the Court **SEVERS** Defendants' inequitable conduct claim from the consolidated invalidity trial. The Court sets the inequitable conduct claim for a consolidated bench trial on **Monday, May 13, 2013, at 10:00 a.m. in Tyler, Texas**. Each side will be permitted to present two hours of testimony. The parties should file proposed findings of fact and conclusions of law by **Thursday, May 9, 2013, at 12:00 p.m.**

It is further **ORDERED** that the parties are not to present any evidence or argument related to inequitable conduct during the invalidity jury trial.

**It is SO ORDERED.**

SIGNED this 7th day of April, 2013.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE