IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ALEXSAM, INC.<br>v. | |
|---|---|
| BARNES & NOBLE, INC., and<br>BARNES & NOBLE MARKETING<br>SERVICES CORP. | Case No. 2:13-cv-0003-MHS-CMC |
| THE GAP, INC., and<br>DIRECT CONSUMER SERVICES, LLC | Case No. 2:13-cv-0004-MHS-CMC |
| PIER 1 IMPORTS, INC. | Case No. 2:08-cv-0015-MHS |

**DEFENDANTS' MOTION TO ENFORCE COSTS AWARDS**

Alexsam has ignored three of this Court's orders and a Federal Circuit order to pay Defendants a combined $81,091.75 in costs.[1]  Alexsam has done so despite having used this very same Texas state and Federal court system to collect over $50 million in litigation and licensing revenue. Defendants thus respectfully request that the Court order Alexsam to pay the taxed costs by a date certain, including interest.

This past June, the Court issued separate orders taxing costs to Defendants.[2]  Since then, Defendants' have attempted on four occasions to secure payment without the Court's involvement:

---

[1] *See Alexsam, Inc. v. Barnes & Noble, Inc.*, No. 2:13-cv-0003, D.I. 271 (June 11, 2014) (awarding costs of $28,838.68); *Alexsam, Inc. v. The Gap, Inc.*, No. 2:13-cv-0004, D.I. 291 (June 11, 2014) (awarding costs of $20,482.94); *Alexsam, Inc. v. Pier 1 Imports, Inc.*, No. 2:08-cv-0015, D.I. 323 (June 12, 2014) (awarding costs of $31,170.25); *see also Alexsam, Inc. v. Pier 1 Imports, Inc.*, No. 2:08-cv-0015-MHS, D.I. 319 (Dec. 18, 2013) (awarding costs for Federal Circuit appeal of $599.88).

[2] *See Alexsam, Inc. v. Barnes & Noble, Inc.*, No. 2:13-cv-0003, D.I. 271 (June 11, 2014); *Alexsam, Inc. v. The Gap, Inc.*, No. 2:13-cv-0004, D.I. 291 (June 11, 2014); *Alexsam, Inc. v. Pier

1. June 13: Defendants emailed Alexsam offering to accept a ten percent discount if Alexsam paid within ten days.  Alexsam did not respond.[3]

2. September 22: Defendants emailed Alexsam requesting a date certain when Alexsam would pay the taxed costs.  Alexsam did not respond.[4]

3. September 25: Defendants emailed Alexsam requesting a meet and confer on the following day to discuss when Alexsam would pay the taxed costs.[5]  Alexsam did not respond.

4. October 15: Defendants called Alexsam requesting a date certain when Alexsam would pay the taxed costs.  Alexsam stated that it could not provide such a date.  That same day, Defendants informed Alexsam that they intended to file this motion if Alexsam did not pay the taxed costs by October 23.[6]  Alexsam did not respond.

More than four months have passed since the Court's Orders, and Alexsam has declined to pay or provide a date certain when it will pay the taxed costs.

Accordingly, Defendants respectfully request that this Court order Alexsam to pay the taxed costs by a date certain, including interest from the date of original judgment.[7]  Defendants also respectfully request an award of Defendants' costs and attorneys' fees incurred in bringing this motion, and the imposition of any penalties or sanctions that this Court deems appropriate.[8]

---

*1 Imports, Inc.*, No. 2:08-cv-0015, D.I. 323 (June 12, 2014); *see also Alexsam, Inc. v. Pier 1 Imports, Inc.*, No. 2:08-cv-0015-MHS, D.I. 319 (Dec. 16, 2013).

[3] *See, e.g.*, Exhibit 1 at 2 (Email chain between Defendants and Alexsam).

[4] *Id.* at 1-2.

[5] *Id.* at 1.

[6] *Id.*

[7] *See Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 543 (5th Cir. 1983) (en banc) (per curiam) (holding that an award of attorneys' fees and costs is to bear interest from the date a judgment is rendered making the award); *see also Georgia Ass'n of Retarded Citizens v. McDaniel*, 885 F.2d 794, 795-800 (11th Cir. 1988) (holding that when costs are taxed against a losing party, the award of costs bears interest from the date of original judgment); *Devex Corp. v. General Motors Corp.*, 749 F.2d 1020, 1026 (3d Cir. 1984); *City of Detroit v. Grinnell Corp.*, 575 F.2d 1009 (2d Cir. 1977) (the award of costs bears interest).

[8] *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (holding that "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," and "when a party shows bad faith by delaying or disrupting the litigation or by

Dated: October 23, 2014 Respectfully submitted,

*/s/ Bill Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jennifer K. Robinson (*pro hac vice* pending)
*jennifer.robinson@fischllp.com*
FISCH SIGLER LLP
5335 Wisconsin Avenue NW
Eighth Floor
Washington, DC 20015
Telephone: (202) 362-3500

Michael C. Smith
*michaelsmith@siebman.com*
Texas State Bar No. 18650410
SIEBMAN, REYNOLDS, BURG, PHILLIPS & SMITH, L.L.P.
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (903) 767-4620

*Attorneys for Defendants Pier 1 Imports, Inc., Barnes & Noble, Inc., Barnes & Noble Marketing Services Corp., The Gap, Inc. and Direct Consumer Services, LLC.*

---

hampering enforcement of a court order."); *see also Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175-76 (2013) (citing *Chambers*, 501 U.S. at 45-46) (holding that "a court has inherent power to award fees based on a litigant's bad faith").

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 23, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Marshall Division, via CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.


                   /s/ *Bill Sigler*
                   Bill Sigler


**CERTIFICATE OF CONFERENCE**

  The undersigned hereby certifies that the conference required by Local Rule CV-7(h) occurred by telephone on October 15, 2014, between counsel for Defendants, Bill Sigler, and counsel for Alexsam, Thomas Watkins.  Alexsam's counsel declined Defendant's request for the identification of a date certain when Defendants would receive payment of their taxed costs.  Thus, no agreement could be reached and discussions ended in an impasse, leaving an open issue for the Court to decide.


                   */s/ Bill Sigler*
                   Bill Sigler